IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE ROGERS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No.:   11-cv-7776** |
| | : | |
| **ALLSTATE INSURANCE** | : | |
| **COMPANY** | : | |
| **Defendant.** | :_____ | |

## MEMORANDUM  AND  ORDER

**LYNNE A. SITARSKI**                                      **DATE: October 22, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is Defendant's Motion to Strike Plaintiff's request for Trial de Novo and to Dismiss Plaintiff's case.  (Doc. No. 29).  On September 10, 2012, Plaintiff filed a response in opposition to Defendant's motion.  (Doc. No. 36).  On September 12, 2012, Defendant filed a reply.  (Doc. No. 38).  Thus, this matter is now ripe for determination.

## I.      BACKGROUND

On March 7, 2010, Plaintiff's 2004 BMW 525i ("BMW" or "the vehicle") was involved in an accident when her son's friend took the vehicle on a test drive.  (Doc. No. 36, Ex. A, ¶5-7).  Upon learning of the accident, Ms. Rogers made a claim with Defendant, her insurance provider.  (Doc. No. 36, Ex. A, ¶ 9).  Allstate refused to cover the loss, stating that Plaintiff's insurance was no longer in effect on the date of the accident.  (Doc. No. 36, Ex. A, ¶ 10-11).  Whether or not Ms. Rogers was covered by Allstate at the time of the accident is the central issue in this case.

It is undisputed that on March 12, 2010, Ms. Rogers went to Allstate's website and canceled the BMW's insurance coverage.  (Doc. No. 36, Ex. A,  ¶ 9,11; Doc. No. 29, Ex. 3 at

73:14-19).   What the parties dispute is the date that the cancellation went into effect.  Allstate

argues that Ms. Rogers requested the effective date of cancellation to be March 5, 2010.  (Doc.

No. 29, Ex. 4-6).   Ms. Rogers, however, claims that she requested the effective cancellation date

to be March 12, 2010, and that Allstate backdated her request to March 5, 2010.  (Doc. No. 36,

Ex. A, ¶9,11).

        In light of Allstate's refusal to cover the loss, Plaintiff filed this case in the Northampton

County Court of County Pleas in November 2011.  (Doc. No. 36, Ex. A (Complaint)).   The

Complaint alleged four counts: Breach of Contract (Count I), Bad Faith (Count II), Violation of

the Unfair Trade Practices and Consumer Protection Law (Count III), and Fraudulent

Misrepresentation (Count IV).  (Doc. No. 36, Ex. A).[1]  The case was removed to the Eastern

District of Pennsylvania on December 21, 2011.  (Doc. No. 1).[2]  Because the dispute involved

less than $150,000, the parties were scheduled for an arbitration hearing pursuant to Local Rule

of Civil Procedure 53.2(5)(B).  (Doc. No. 20).

        The arbitration was originally set for June 20, 2012, but it was then rescheduled to July

18, 2012.  (Doc. No. 17, 18).  Plaintiff apparently made a letter request for a continuance,[3] but on

June 25, 2012, that request was denied by Judge Sanchez.  (Doc. No. 21).  On July 17, 2012,

Jeffrey R. Lessin entered his appearance on behalf of Plaintiff.  (Doc. No. 21, 23).  Mr. Lessin

---

[1]  Counts III and IV were subsequently dismissed by Stipulation on August 31, 2012.
(Doc. No. 32).

[2]  Originally, this case was assigned to the docket of the Honorable Juan R. Sanchez.  On
August 31, 2012, the parties' consented to jurisdiction of this Court.  (Doc. No. 33).

[3]  Plaintiff requested a continuance because counsel, Stephen M. Mowery, was scheduled
to be away on vacation during that time.  (Doc. Nos. 20 & 29, Ex. 13).

represented Ms. Rogers at the arbitration the next day, on July 18, 2012.  At the arbitration,
Plaintiff presented evidence only as to Count I, the breach of contract claim.  ( Doc. No. 29, Ex. 3
at 7).

The arbitration panel ruled in favor of Allstate on all counts.  (Doc. No. 29, Ex. 12).  On
August 14, 2012, Plaintiff filed a request for a trial de novo.  (Doc. No. 25).

On August 27, 2012, Allstate filed a motion to strike Plaintiff's request for a trial de
novo, arguing that Plaintiff failed to meaningfully participate in the arbitration hearing.  (Doc.
No. 29).  Additionally, Allstate argues that the entire case should be dismissed due to Ms.
Rogers' spoliation of evidence; namely, destruction of the computer on which Ms. Rogers
accessed Allstate's website to cancel her coverage on the vehicle.

## II.    DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REQUEST FOR A TRIAL DE NOVO

Allstate argues that Ms. Rogers failed to meaningfully participate in the arbitration
process in violation of Local Rule 53.2(5)(B), and therefore her motion for a trial de novo should
be stricken.  Defendant's motion to strike Plaintiff's request for a trial de novo will be granted in
part and denied in part.

### A.    RELEVANT LAW

Local Rule 53.2 dictates that, if the amount in controversy in a case is less than $150,000,
arbitration is compulsory.  Local Rule 53.2(3)(A).  "In the event, however, that a party fails to
participate in the trial in a meaningful manner, the Court may impose appropriate sanctions,
including but not limited to the striking of any demand for a trial de novo filed by that party."

Local Rule 53.2(5)(B).  Thus, there are two issues this Court must decide: (1) whether Ms. Rogers' conduct at the arbitration hearing was "meaningful;" and (2) if Ms. Rogers' participation was not meaningful, what are the appropriate sanctions.

### B.    DISCUSSION

"Meaningful participation" is not defined in Local Rule 53.2, but the courts have interpreted "meaningful participation" broadly.  *See Gaeth v. Wagner*, 159 F.R.D. 20, 22 (E.D. Pa. 1994) (conducting some discovery and participating in the arbitration process was sufficient to warrant a trial de novo); *Watkins v. K-Mart*; 1997 WL 597913, *2 (E.D. Pa. Sept. 17, 1997) (failure to produce evidence did not constitute failure to meaningfully participate); *see also David v. Klimowicz*, 1988 WL 74896, *2 (E.D. Pa. July 12, 1988) (although motion for trial de novo was stricken, the fact that the plaintiff had acted in good faith caused the court to remand case for new arbitration proceeding).  In cases where a request for trial de novo was stricken for failure to meaningfully participate, the defendant did not appear for the arbitration, at all.  *See New England Merchants National Bank v. Hughes*, 556 F. Supp. 712, 715 (E.D. Pa. 1983).

Here, Plaintiff's participation in the arbitration process was meaningful as to Count I. Plaintiff appeared with counsel, presented documentary and testimonial evidence from Plaintiff and her son, and cross-examined Defendant's adjuster and agent.  The arbitration hearing lasted three hours, and one arbitrator would have found in favor of Plaintiff.  (Doc. No. 36 at 7).

However, Plaintiff failed to present evidence or argument as to Count II.  (Doc. No. 29 at 10).  During opening statements at the arbitration hearing, Plaintiff's counsel stated, "we're only going forward today with the property damage claim [Count I]."  (Doc No. 29-1 at 7).  A discussion ensued, during which Plaintiff's counsel reiterated "for the purposes of this arbitration

4

only, we're only moving forward with the property damage claim," stating that "Plaintiff is free to choose whatever she wants to go forward with."  (Doc No. 29-1 at 7).

Plaintiff received an adverse ruling from the arbitration panel as to the only claim presented (Count I).  Plaintiff has appealed, and seeks a trial de novo as to Counts I and II.

This Court agrees with Defendant, that Plaintiff failed to meaningfully participate in the arbitration hearing as to Count II (the Bad Faith claim).  This is not a case in which it could be argued that a party made some attempt to present a claim or defense at arbitration, but the effort fell short.  Plaintiff's counsel explicitly stated that they had unilaterally determined that Plaintiff would not proceed on the Bad Faith claim at the arbitration.  Plaintiff thus presented no evidence or argument relating to the Bad Faith claim.  Plaintiff did not give advance notice of this decision to Defendant, or to the arbitration panel.  Indeed, Plaintiff's counsel interjected during Defendant's opening statement to announce that Plaintiff would proceed only on the Breach of Contract claim (Count I).

As Judge Broderick observed in *New England Merchants Bank, supra*, the local compulsory arbitration rules are intended to "save litigants time and money by providing them with a prompt and less expensive alternative to a courtroom trial." 556 F.Supp. at 715.  "The rule was never intended to make arbitration optional in those cases designated by the rule."  *Id.* Judge Broderick also aptly observed, "the goals of the arbitration program and the authority of this Court would be seriously undermined if a defendant were permitted to refuse to attend an arbitration hearing and then demand trial de novo."  *Id.*

Of course, Plaintiff was present at the arbitration hearing, but deliberately chose to

proceed on just one of the four claims that were then part of this case.[4]  Plaintiff thus chose a course of action that frustrated the purpose of arbitration, to "save time and money," because Defendant and the arbitrators were required to litigate and adjudicate part of the case at arbitration, with no possibility that arbitration would completely resolve the case.[5]

Because Plaintiff failed to meaningfully participate as to Count II, this Court will strike the request for trial de novo as to Count II only.  *See New England Merchants, supra.*  Plaintiff will be permitted to proceed to a trial de novo on Count I, the claim as to which she "meaningfully participated" at the arbitration level.


III.  **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CASE FOR SPOLIATION OF EVIDENCE**

Defendant Allstate moves to dismiss Plaintiff's case in it's entirety based upon the spoliation of evidence by Plaintiff.  Allstate argues that Ms. Rogers' disposal of her laptop computer constitutes spoliation of evidence, and asks this Court to dismiss Plaintiff's entire case as a sanction.  At the present juncture, and on the present record, this Court cannot conclude that the extreme sanction of dismissal is warranted.

---

[4]  As noted above, Plaintiff has since stipulated to the dismissal of Counts III and IV.

[5]  Of course, the Court's mandatory arbitration program affords the parties the right to trial de novo, and it is always possible that the parties' arbitration efforts will be duplicated at any trial de novo.   However, as a general rule, the parties and the arbitrators participate in the proceedings with at least some hope that final resolution will be achieved.   In this case, the three-hour arbitration proceeding was a complete waste of time for the Defendant, the defense witnesses, and the arbitration panel, as there was no possibility that the proceedings might have fully resolved the case.  We simply cannot condone Plaintiff's decision to appear at the arbitration, announce that it was only presenting a fraction of it's case, and allow the Defendant and the panel to proceed with a three-hour long exercise in futility.

A.      RELEVANT LAW

"'A party that reasonably anticipates ensuing litigation has an affirmative duty to preserve evidence that may be relevant.'" *AMG Nat'l Trust Bank v. Ries*, No. 06-4337, 2011 WL 3099629, at *4 (E.D. Pa. July 22, 2011) (*quoting Travelers Prop. Cas. Co. v. Cooper Crouse-Hinds, LLC*, No. 05-6399, 2007 WL 2571450, at *4 (E.D. Pa. Aug. 31, 2007)). "Spoliation [of evidence] occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (*citing Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)). "[A] finding of bad faith is pivotal to a spoliation determination." *Id.* at 79. "[T]he burden of proof on a spoliation claim lies with the party asserting that spoliation of evidence has taken place." *Williams v. Klem*, No. 07-1044, 2010 WL 3812350, at *2 (M.D. Pa. Sept. 22, 2010) (*citing Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107-08 (3d Cir. 2001)).

Upon a showing of spoliation, the court must determine whether sanctions are appropriate by considering:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Bull*, 665 F.3d at 74 (*quoting Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). Potential sanctions include: "dismissal of a claim or the entry of judgment in favor of a prejudiced party; the suppression of evidence; an adverse evidentiary inference, such as the 'spoliation inference'; fines; and attorney fees and costs." *AMG*, 2011 WL 3099629, at *4 (*citing*

*Paramount Pictures Corp. v. Davis*, 234 F.R.D. 102, 110-11 (E.D. Pa. 2005)).  However, "'[t]here is no rule of law mandating a particular sanction upon a finding of improper destruction or loss of evidence; rather, such a decision is left to the discretion of the Court.'"  *AMG*, 2011 WL 3099629, at *4 (*quoting Paramount*, 234 F.R.D. at 111).

  The ultimate sanction of barring a plaintiff's claim is disfavored. *See Thompson v. Worker's Compensation Appeal Bd.*, 781 A.2d 1146, 1149 n. 4 (Pa.2001) ("It bears noting that barring a claim entirely, ..., is the most extreme of sanctions and not one ineluctably commanded by *Schmid*." ); *see also Baliotis v. McNeil*, 870 F.Supp. 1285, 1289 (M.D.Pa.1994) ("A sanction that has the drastic result of judgment being entered against the party who has lost or destroyed evidence must be viewed as a last resort, to be imposed only if no alternative remedy by way of a lesser, but equally efficient sanction is available"); *Schultz v. Barko Hydraulics, Inc.*, 832 F.Supp. 142, 145 (W.D.Pa.1993) ("Dismissal or summary judgment in such actions is a defensive mechanism used by courts to protect the party who would otherwise be forced to prepare its case without ever having had the opportunity to inspect the very subject matter of the case. Such a drastic measure, although available, should not be used simply to penalize every party who loses the product.").  A more common penalty for spoliation is a jury instruction on the inference that may be drawn from the spoliation. *See Oxford Presbyterian Church v. Weil-McLain Co.*,-A.2d -, 2003 WL 122399, at *8 (Pa.Super.Ct. Jan. 15, 2003) (*citing Schoeder v. Commonwealth Dept. of Transp.*, 710 A.2d 23, 27-28 (Pa.1998)); *see also McHugh v. McHugh*, 186 Pa. 197, 40 A. 410 (1898) (explaining why the jury should decide the plaintiff's claims and to determine a witness's credibility in light testimony accusing the witness of spoliation).

B.      DISCUSSION

In applying the above principles to the present case, the Court cannot conclude at this juncture that the ultimate sanction – dismissal – is appropriate.  The Court finds that the computer was in Plaintiff's control when she disposed of it through her workplace recycling system.  The Court also concludes that the computer is conceivably relevant because evidence from Ms. Roger's computer could end the dispute by corroborating Allstate's claim that the effective cancellation date of March 5, 2012, was requested by Ms. Rogers.

Based on the record presently before the Court, we cannot conclude that Plaintiff had a reasonably foreseeable duty to preserve the computer.  A party can only be sanctioned for spoliation of evidence if it had a duty to preserve it.  *Micron Technology Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (citing *Zubulake v. USB Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y 2003)).  A litigant's duty to preserve begins when litigation is "pending or reasonably foreseeable."  *Micron*, 645 F.3d at 1230 (citing *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)).  Allstate contends that Ms. Rogers had a duty to preserve the evidence since March 23, 2010, when she was put on notice that there was a conflict with Allstate concerning the effective date of the cancellation.  (Doc. No. 29, Ex. 17).[6]  On the other hand, the record shows that the discovery request for the computer was not issued until April 2012, which was after Ms. Rogers had disposed of the computer.  (Doc. No. 29, Ex. 7).

Whether or not litigation is "reasonably foreseeable" is a flexible standard, and courts exercise discretion in a spoliation inquiry.  *Micron*, 645 F.3d at 1320 (citing *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).  A duty to preserve is not triggered by at the

---

[6]  On March 23, 2010, Ms. Rogers participated in a recorded conversation with Allstate wherein Allstate mentioned that there was a controversy regarding the effective date of Ms. Rogers' cancellation request.  (Doc. No. 29, Ex. 17)

mere onset of a potential claim or litigation, but litigation need not be imminent either.  *Id*.

"[The] obligation to preserve evidence arises when *the party has notice* that the evidence is

*relevant* to litigation . . . as for example when a party should have known that the evidence may

be relevant to future litigation."  *Micron*, 645 F.3d at 1320 (citing *MOSAID Techs. Inc. v.*

*Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 336 (D.N.J. 2004) (emphasis added).  Here, it is

unclear whether a lay person, such as Ms. Rogers, would have known to keep her computer

merely because of potential litigation.  The computer itself is not the subject of Ms. Rogers'

potential claim against Allstate.

In any event, at current, Defendant's are requesting dismissal, the most extreme spoliation

sanction.  Mindful that dismissal is a "last resort" sanction, we will deny Defendant's request for

dismissal.  As this case nears trial, the Court will entertain further motion practice from

Defendant on this issue.

An appropriate Order follows.


BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE